United States District Court for the District of Massachusetts

Civil Action # _____

04cv12291 EFH

Christopher Hunt, Plaintiff. )
)
vs. )
) MAGISTRATE JUDGE Bowler
Kimberly Hinden, )
Registrar of Motor Vehicles, )
Defendant. )

RECEIPT # 59615
AMO̲ 150
SUM Yes
LO
WAIVER
MCF ISSUE
BY DPTY CLK F.O.M
DATE 10/27/04

**VERIFIED COMPLAINT**

PARTIES

1. The plaintiff is Christopher Hunt, a resident of Lexington, Massachusetts. Hunt brings this action in his own name and on behalf of those similarly situated.

2. The defendant is Kimberly Hinden, Registrar of Motor Vehicles for the Commonwealth of Massachusetts, (hereinafter "Registrar") having an office at Copley Place, Boston, Massachusetts.

JURISDICTION

3. Hunt brings this action pursuant to 42 U.S.C. 1983. Jurisdiction is predicated on 28 U.S.C. 1343 (3). For this court's jurisdiction over Hunt's cause of action, see <u>Raper vs. Lucey</u>, Registrar of Motor Vehicles for the Commonwealth of Massachusetts, 448 F.2d 748 (First Circuit 1973). Hunt also seeks declaratory relief pursuant to 28 U.S.C. 2201.

## STATEMENT OF THE CASE

4. On or about July 8, 2003, after a brief chase by the Arlington police, Hunt was arrested in Arlington for speeding, G.L. 90 Sec. 18, a civil infraction; refusing to stop for a police officer, G.L. 90 Sec. 25; negligent operation, G.L. 90 Sec. 24(2)(a)(1); and driving under the influence of liquor, second offense, G.L. 90 Sec 24(1). Upon being arrested, the Arlington police offered "Hunt the opportunity to submit to a PBT" (Portable Breath Test). Hunt agreed to take the test and registered a .069% BAC (Blood Alcohol Content). As such, no inference could be drawn under Massachusetts law to establish that Hunt was driving under the influence of alcohol. See G.L. Ch. 90, Sec. 24(1)(e).

5. The police report, Incident Report 3013150, filed by the Arlington police department indicates that a "*request for immediate threat license suspension / re-revocation*" should be filed with the Registrar of Motor Vehicles.

6. Sometime in July 2003, the Registrar of Motor Vehicles suspended/revoked Christopher Hunt's Massachusetts driver's license pursuant to G.L. 90 Sec. 22(a), which provides in relevant part as follows:

> The Registrar [of motor vehicles] may suspend or revoke without a hearing . . . any license issued under this chapter whenever the holder thereof has committed *a violation of the motor vehicle laws* of a nature which would give the registrar reason to believe that continuing operation by such holder is and will be so seriously improper as to constitute an *immediate threat* to the public safety. (emphasis added)

2

The statute further provides that the registrar shall give written notice to the licensee and specify the time and place of violation. It also provides that a license suspended pursuant to this provision shall not "be reissued unless, upon examination or investigation, or after a hearing, the registrar determines that the operator shall again be permitted to operate."

7. In a court hearing on March 15, 2004 in Cambridge, Hunt was found not guilty of driving under the influence. He pleaded or was found guilty to driving negligently.

8. Hunt has, on several occasions, requested the Registrar to reinstate or reissue his driver's license which the Registrar suspended pursuant to G.L. Ch. 90, Sec. 22(a).

9. On Friday, September 24, 2004, Hunt appeared before a suspension officer at a branch of the Registry of Motor Vehicles in Lawrence at 9:15 am and requested a hearing. His request was granted. Mr. Hunt was represented, for the first time, by counsel.

10. Mr. Hunt, by his attorney, requested that the hearing officer advise him as to the basis of the Registrar's action in suspending his license, and he was advised by the hearing officer that his suspension was pursuant to G.L. Ch. 90, Sec. 22(a) for driving a motorcycle after sundown and before sunset, and with a passenger, which was a violation of the terms of his motorcycle permit. See G.L. Ch. 90, Sec. 8B. At the time of the incident, Mr. Hunt's driver's license did not contain a motorcycle endorsement. However, he did possess a validly issued motorcycle learner's permit pursuant to G.L. Ch. 90, Sec. 8B.

11. The undersigned counsel requested details and reasons from the hearing officer for the suspension and the nature of the continuing "*immediate threat*", and she advised the undersigned counsel, and Mr. Hunt, that all of this was contained in a computer printout which she agreed to print out and give a copy of same to Mr. Hunt and the undersigned counsel. However, she set forth that the Registrar's computers were in a slow mode. After waiting thirty minutes for a copy of the printout, it was not forthcoming. Thereupon, the hearing officer advised that she would mail a copy to the undersigned attorney on that day as soon as the Registry's computers could print out the record. She addressed an envelope to the undersigned counsel at his office in Belmont, Massachusetts.

12. The undersigned counsel requested that the suspension officer reinstate Mr. Hunt's license immediately. This request was denied. Whereupon, the hearing concluded.

13. The undersigned counsel never received the computer printout from the Lawrence suspension officer. He did attempt to reach the suspension officer by telephone approximately ten days after the hearing, but was advised by a Registry official that they would not give out telephone numbers for the suspension officers at the Lawrence branch of the Registry of Motor Vehicles.

14. On September 30, 2004, the undersigned counsel wrote the Registrar and requested that the Registrar reinstate Mr. Hunt's drivers license forthwith, and that the Registrar's action in refusing to reinstate or reissue Mr. Hunt's driver's license was a violation of the Fourteenth Amendment of the United States Constitution. A copy of

the undersigned counsel's letter to the Registrar is attached hereto as Exhibit A.

15. The undersigned counsel also requested the Registrar to provide forthwith "a copy of the record relating to your initial suspension and continuing suspension of Mr. Hunt's right to drive in Massachusetts," including any "request for *immediate threat*, license suspension/revocation" form that was filed by the Arlington police with the Registrar. The undersigned counsel included a request for a copy of the computer printout which the Lawrence suspension officer on September 24, 2004 promised to mail to the undersigned counsel. See Exhibit A.

16. The undersigned counsel further requested the following: "Please state any additional reasons or basis relating to your continuing refusal to reinstate Mr. Hunt's right to drive and [his] Massachusetts driver's license above and beyond those set forth by the suspension officer on September 24, 2004, i.e. driving a motorcycle after sunset and before sundown with a passenger." See Exhibit A.

17. Hunt, by way of his attorney's letter of September 30, 2004, advised the Registrar that if no action were taken by the Registrar within seven days, he would file a complaint in the Federal District Court for the District of Boston seeking a temporary restraining order, a preliminary injunction, a permanent injunction as well as monetary damages pursuant to 42 U.S.C. 1983.

18. The Registrar at no time has responded to the undersigned counsel's September 30, 2004 letter.

19. The undersigned counsel also telephoned the Registrar's administrative assistants and left a voice mail for the Registrar's counsel, Erin Deveney, Esquire, suggesting that they have a telephone conference to see if this matter could be resolved. Erin Deveney, Esquire never returned the undersigned counsel's telephone call.

20. Mr. Hunt depends upon his drivers license for his livelihood and the continuing depravation of his right to drive in Massachusetts has, and is, causing him irreparable damage.

CAUSE OF ACTION

21. More particularly, Hunt asserts that even if an "*immediate threat*" arose from his driving his motorcycle after sundown and before sunset, and with a passenger, in violation of G.L. Ch. 90, Sec. 8B, there is no rational basis to believe that this "*immediate threat*" has been continuing for over a year and still continues today. G.L. Ch. 90, Sec. 8B does not specify a penalty for an operator who violates its provisions. However, G.L. Ch. 90, Sec. 20 provides that where no punishment is specified with respect to a motor vehicle violation, then the maximum fine that can be imposed is $35 for the first offense committed during any twelve month period. It also appears that a violation of G.L. Ch. 90, Sec. 8B is deemed a "civil motor vehicle infraction" pursuant to G.L. Ch. 90C, Sec. 1, 3.

22. Hunt asserts a cause of action under 42 U.S.C. 1983. He asserts that the Registrar's continuing refusal to reinstate or reissue his Massachusetts driver's license is in violation of the Fourteenth Amendment of the United States Constitution. In particular, he

asserts that G.L. Ch. 90, Sec. 22(a) is void for vagueness on its face and as applied to him, and further that the Registrar's actions in continuing to suspend his license for over one year is arbitrary, capricious, and without any rational basis.

23.   Hunt maintains that G.L. Ch. 22(a) is void for vagueness as that section of the statute which provides that a person whose driver's license has been suspended under the "*immediate threat*" provisions shall not be reinstated or reissued unless "the Registrar determines that the operator shall again be permitted to operate".  The statute provides no criteria or test for the Registrar's "determination".

24.   Hunt further asserts that the Registrar's refusal to specify in detail the reasons underlying her action, in continuing to suspend Hunt's license, violates the due process provisions of the Fourteenth Amendment.

RELIEF

25.   Hunt prays this Court to:
    a.   issue a restraining order against the Registrar from continuing to suspend Hunt's right to drive in Massachusetts and from continuing to suspend his Massachusetts driver's license;
    b.   issue a preliminary injunction against the Registrar to enjoin her from continuing to suspend Christopher Hunt's Massachusetts drivers license;
    c.   order the Registrar to issue a Massachusetts driver's license to Christopher Hunt forthwith;

d.  declare G.L. Ch. 90, Sec. 22(a) unconstitutional on its face or as applied to Hunt.

e.  to award him damages for the loss of his driver's license for the time period in which the suspension violated the fourteenth amendment;

f.  for such other relief as this court deems just and appropriate.

Christopher Hunt
by his attorney

Date: October 19, 2004

Robert W. Hagopian, Esquire
P.O. Box 282
Belmont, MA 02478

Exhibit A

# ROBERT W. HAGOPIAN

ATTORNEY AT LAW
P. O. BOX 282
BELMONT, MASSACHUSETTS 02478

(781) 275-4892
FAX (781) 275-2731

September 20, 2004

Kimberly Hinden
Registrar of Motor Vehicles
P.O. Box 199100
Boston, MA 02119

Dear Ms Hinden:

Please be advised that I represent Christopher Hunt of Lexington, Massachusetts. His date of birth is 10/12/1976 and his social security number/Massachusetts driver's license number is 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. Mr. Hunt's license was suspended over a year ago by the Registry of Motor Vehicles, and has not been reinstated since that time.

I appeared with Mr. Hunt at a hearing before a suspension officer in the Lawrence Branch of the Registry of Motor Vehicles at approximately 9:15 on Friday, September 24, 2004. At this time, I made inquiry as to why the Registrar was continuing to suspend Mr. Hunt's license. The hearing officer advised me that approximately one year ago (in July of 2003), Mr. Hunt was driving a motorcycle with a permit after sundown and before sunset and with a passenger, which was a violation of his motorcycle permit. (At the time of this incident, Mr. Hunt's license did not contain a motorcycle endorsement.) I requested details from the hearing officer, and she advised me that this was all in a computer print-out but she was unable to give me a copy of the printout as the computers were in a slow mode. We waited approximately 30 minutes for this report, and it was not forthcoming. Thereupon, the hearing officer advised me that she would mail me a copy of the report as soon as the computers were up and running, which she assured me would be before the end of the day. As of this date, I have not received a copy of the computer report.

My understanding from the suspension officer was that Mr. Hunt's license was revoked pursuant to G.L CH. 90, Sec. 22(a). This statute provides that the Registrar may suspend or revoke, without a hearing, a motorist's drivers license "whenever the holder thereof has committed a violation of a motor vehicle law of a nature which would give the Registrar reason to believe that continuing operation by such holder is and will be so seriously improper as to constitute an immediate threat to the public safety". The only "violation of the motor vehicle law" in Mr. Hunt's case that was asserted by the suspension officer was that he was driving his motorcycle after sundown and before sunset with a passenger. I have a hard time understanding how any "immediate threat"

arising from this violat    of the law has continued for over a y   . I also have difficulty in understanding what rational basis exists to justify the Registrar's position that there is a continuing "immediate threat" to the public safety. The actions of the Registrar in continuing to suspend Mr. Hunt's license is arbitrary, subjective, and ad hoc. The statute, as applied to Mr. Hunt, is in violation of the Fourteenth Amendment of the United States Constitution. Accordingly, I am requesting you to immediately reinstate or grant a new license to Mr. Hunt forthwith.

I am requesting you to provide me forthwith a copy of the record relating to your initial suspension and continuing suspension of Mr. Hunt's right to drive in Massachusetts. Please provide me with a copy of any "Request for Immediate Threat License Suspension/Revocation" form filed with the Registrar which related to Mr. Hunt's license suspension. Please state any additional reasons or basis relating to your continuing refusal to reinstate Mr. Hunt's right to drive and Massachusetts driver's license above those set forth by the suspension officer on September 24, 2004. Please provide me with a copy of the computer printout promised by the suspension officer on September 24, 2004.

If I do not hear from you within seven days, I will file a complaint in the Federal District Court for the District of Boston against you seeking a temporary restraining order, a preliminary injunction, and a permanent injunction as well as monetary damages pursuant to 42 U.S.C. 1983.

I look forward to your prompt response.

Very truly yours,

Robert W. Hagopian

RWH/bmm

cc:   Erin Deveney, Esquire
      Christopher Hunt

## AFFIDAVIT OF ROBERT W. HAGOPIAN

Now comes Robert W. Hagopian who deposes and says that:

1. He is a member of the Bar of Massachusetts and in good standing.
2. He appeared with the plaintiff, Christopher Hunt at a suspension hearing on September 24, 2004 at the Lawrence branch of the registry of motor vehicles.
3. Exhibit A attached to the Complaint is a true copy of the letter that he mailed to the registrar of motor vehicles on September 30, 2004. (The date of "September 20" in the letter was in error. The correct date was September 30, 2004.)
4. He faxed a copy of his September 30, 2004 letter to the Registrar of Motor Vehicles and to the Registrar's counsel, Erin Deviney, Esquire on October 1, 2004 and has copies of the "fax receipts" in his file.
5. He has never received a response from the Registrar to his letter dated September 30, 2004.
6. He telephoned the Registrar's counsel, Erin Deviney, Esquire on Wednesday, September 24, 2004 and left a telephone message seeking to settle this matter and to avoid a confrontation in the Federal District Court and requesting settlement discussions. Erin Deviney, Esquire never returned his telephone call.
7. The factual allegations in paragraphs 9 - 12, 18 and 19 are within his own personal knowledge and are true.

Signed under the pains and penalties of perjury this 19th day of October, 2004.

_____
Robert W. Hagopian, Esquire
P.O. Box 282
Belmont, MA 02478
(781) 275-4892

9