United States District Court for the District of Massachusetts

Civil Action #

Christopher Hunt, Plaintiff.                    )
                                                )
vs.                                             )
                                                )
Kimberly Hinden,                                )
Registrar of Motor Vehicles,                    )
Defendant.

## MOTION FOR RESTRAINING ORDER
## AND PRELIMINARY INJUNCTION

NOW COMES Christopher Hunt and respectfully moves this Court to restrain and preliminary enjoin the Registrar of Motor Vehicles, Kimberley Hinden from continuing to suspend his Massachusetts driver's license or from refusing to issue a new Massachusetts drivers license. In support thereof, Christopher Hunt sets forth as follows:

1.    There is no factual dispute as to the Registrar's action in revoking or suspending Christopher Hunt's license pursuant to G.L. Ch. 90, Sec. 22(a). See the verified complaint. The sole basis of the Registrar's action that Mr. Hunt violated the motor vehicle laws of Massachusetts and in particular G.L. Ch. 90, Sec. 8B in driving a motorcycle after sunset and before sunrise, and with a passenger, over a year ago.

2.    Although requested by the undersigned counsel (see Exhibit A, attached hereto), the Registrar has not set forth any basis to establish that there is a continuing "immediate threat" to the public to justify her indefinite and continuing suspension of Mr. Hunt's drivers license.

The Registrar's action in continuing to suspend Mr. Hunt's license for over a year is arbitrary, capricious, vexatious, and without any rational basis. As such, G.L. Ch. 90, Sec. 22(a) violates the Fourteenth Amendment and is unconstitutional as applied to Hunt.

3.     Hunt maintains that G.L. Ch. 22(a) is void for vagueness as that section of the statute which provides that a person whose driver's license has been suspended under the "*immediate threat*" provisions shall not be reinstated or reissued unless "the Registrar determines that the operator shall again be permitted to operate". The statute provides no criteria or test for the Registrar's "determination".

4.     Mr. Hunt's drivers license is a valuable right and its continuing deprivation is causing immediate and irreparable damages.

5.     There is a high degree of probability that Mr. Hunt will prevail on the merits of his constitutional claims.

6.     A Memorandum of Law in support of this motion is attached hereto.

7.     Two affidavits in support of this Motion are attached hereto as Exhibits B and C.


WHEREFORE, Christopher Hunt moves this court to order the defendant, Registrar of Motor Vehicles, to immediately cease from continuing to suspend his driver's license and/or to reissue him a Massachusetts driver's license forthwith and that this order remain in effect until such time as judgment shall issue on the merits of Mr. Hunt's Verified Complaint.

Christopher Hunt,
by his attorney,

Date: <u>October 26, 2004</u>

Robert W. Hagopian, Esquire
P.O. Box 282
Belmont, MA 02478
(781) 275-4892

Exhibit A

## ROBERT W. HAGOPIAN

ATTORNEY AT LAW
P. O. BOX 282
BELMONT, MASSACHUSETTS  02478

(781) 275-4892
FAX (781) 275-2731

September 20, 2004

Kimberly Hinden
Registrar of Motor Vehicles
P.O. Box 199100
Boston, MA 02119

Dear Ms Hinden:

Please be advised that I represent Christopher Hunt of Lexington, Massachusetts. His date of birth is 10/12/1976 and his social security number/Massachusetts driver's license number is 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. Mr. Hunt's license was suspended over a year ago by the Registry of Motor Vehicles, and has not been reinstated since that time.

I appeared with Mr. Hunt at a hearing before a suspension officer in the Lawrence Branch of the Registry of Motor Vehicles at approximately 9:15 on Friday, September 24, 2004. At this time, I made inquiry as to why the Registrar was continuing to suspend Mr. Hunt's license. The hearing officer advised me that approximately one year ago (in July of 2003), Mr. Hunt was driving a motorcycle with a permit after sundown and before sunset and with a passenger, which was a violation of his motorcycle permit. (At the time of this incident, Mr. Hunt's license did not contain a motorcycle endorsement.) I requested details from the hearing officer, and she advised me that this was all in a computer print-out but she was unable to give me a copy of the printout as the computers were in a slow mode. We waited approximately 30 minutes for this report, and it was not forthcoming. Thereupon, the hearing officer advised me that she would mail me a copy of the report as soon as the computers were up and running, which she assured me would be before the end of the day. As of this date, I have not received a copy of the computer report.

My understanding from the suspension officer was that Mr. Hunt's license was revoked pursuant to G.L CH. 90, Sec. 22(a). This statute provides that the Registrar may suspend or revoke, without a hearing, a motorist's drivers license "whenever the holder thereof has committed a violation of a motor vehicle law of a nature which would give the Registrar reason to believe that continuing operation by such holder is and will be so seriously improper as to constitute an immediate threat to the public safety". The only "violation of the motor vehicle law" in Mr. Hunt's case that was asserted by the suspension officer was that he was driving his motorcycle after sundown and before sunset with a passenger. I have a hard time understanding how any "immediate threat"

arising from this violat    of the law has continued for over a y    . I also have difficulty in understanding what rational basis exists to justify the Registrar's position that there is a continuing "immediate threat" to the public safety. The actions of the Registrar in continuing to suspend Mr. Hunt's license is arbitrary, subjective, and ad hoc. The statute, as applied to Mr. Hunt, is in violation of the Fourteenth Amendment of the United States Constitution. Accordingly, I am requesting you to immediately reinstate or grant a new license to Mr. Hunt forthwith.

I am requesting you to provide me forthwith a copy of the record relating to your initial suspension and continuing suspension of Mr. Hunt's right to drive in Massachusetts. Please provide me with a copy of any "Request for Immediate Threat License Suspension/Revocation" form filed with the Registrar which related to Mr. Hunt's license suspension. Please state any additional reasons or basis relating to your continuing refusal to reinstate Mr. Hunt's right to drive and Massachusetts driver's license above those set forth by the suspension officer on September 24, 2004. Please provide me with a copy of the computer printout promised by the suspension officer on September 24, 2004.

If I do not hear from you within seven days, I will file a complaint in the Federal District Court for the District of Boston against you seeking a temporary restraining order, a preliminary injunction, and a permanent injunction as well as monetary damages pursuant to 42 U.S.C. 1983.

I look forward to your prompt response.

Very truly yours,

Robert W. Hagopian

RWH/bmm

cc:    Erin Deveney, Esquire
       Christopher Hunt

## AFFIDAVIT OF ROBERT W. HAGOPIAN

Now comes Robert W. Hagopian who deposes and says that:

1.    He is a member of the Bar of Massachusetts and in good standing.

2.    He appeared with the plaintiff, Christopher Hunt at a suspension hearing on September 24, 2004 at the Lawrence branch of the registry of motor vehicles.

3.    Exhibit A attached to the Complaint is a true copy of the letter that he mailed to the registrar of motor vehicles on September 30, 2004. (The date of "September 20" in the letter was in error. The correct date was September 30, 2004.)

4.    He faxed a copy of his September 30, 2004 letter to the Registrar of Motor Vehicles and to the Registrar's counsel, Erin Deviney, Esquire on October 1, 2004 and has copies of the "fax receipts" in his file.

5.    He has never received a response from the Registrar to his letter dated September 30, 2004.

6.    He telephoned the Registrar's counsel, Erin Deviney, Esquire on Wednesday, September 24, 2004 and left a telephone message seeking to settle this matter and to avoid a confrontation in the Federal District Court and requesting settlement discussions. Erin Deviney, Esquire never returned his telephone call.

7.    The factual allegations in paragraphs 9 - 12, 18 and 19 are within his own personal knowledge and are true.

Signed under the pains and penalties of perjury this 19th day of October, 2004.

Robert W. Hagopian, Esquire
P.O. Box 282
Belmont, MA 02478
(781) 275-4892



# AFFIDAVIT OF CHRISTOPHER HUNT

Now comes Christopher Hunt of 79 Cliffe Avenue, Lexington, Massachusetts 02420 who deposes and says as follows:

1. At the time he was arrested in Arlington, Massachusetts on July 8, 2003, he had a valid driver's license issued by the Registrar of Motor Vehicles and a validly issued motorcycle learner's permit.

2. With respect to the criminal charges to his arrest on July 8, 2003, he was acquitted on March 15, 2004 of driving under the influence of intoxicating liquors, and he plead guilty to negligent operation of his motorcycle.

3. He attended a hearing at the Lawrence branch of the Registry of Motor Vehicles on Friday, September 24, 2004 at approximately 9:15 am.

4. He has reviewed paragraphs 9 through 12 of the Verified Complaint in this action. The facts alleged in these paragraphs are within his personal knowledge and are true.

5. He is currently employed at B&R Auto, 10-12 Mill Street, Arlington, Massachusetts as an automobile mechanic. Part of his responsibilities is to repair automobiles and then test drive them to ensure that the repairs that he makes are proper. He needs his driver's license to fulfill his obligations to his employer, B&R Auto. He also needs his driver's license to commute between his home in Lexington and his place of employment at 10-12 Mill Street, Arlington. It is difficult for him to arrange transportation to work at the present time.

6. If this Court grants his motion for a restraining order and his license is reinstated, he will abide by all Massachusetts Motor Vehicle Laws and Regulations.

Signed under the pains and penalties of perjury this 26th day of October, 2004.

Christopher Hunt

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

CHRISTOPHER HUNT
PLAINTIFF

v.

KIMBERLY HINDEN, REGISTRAR OF MOTOR VEHICLES
DEFENDANT

**04**

**PROOF OF SERVICE**

I, Robert W. Hagopian, Esq., declare that I, on this date, October 26, 2004, have served the enclosed Verified Complaint, Motion for Restraining Orderx andPreliminary Injunction, and Memorandum of Law in Support of Christopher Hunt's Motion for a Restraining Order, on the defendant, Kimberly Hinden and her counsel, Erin Deveney, Esquire, by depositing an envelope containing the above documents in the United States mail properly addressed to each of them and with first-class postage prepaid and also by facsimile. The names and addresses and facsimile numbers of those served are as follows:

Kimberly Hinden
Registrar of Motor Vehicles
P.O. Box 199100
Boston, MA 02119
Facsimile: 617/351.9895

Erin Deveney, Esquire
P.O. Box 199100
Boston, MA 02119
Facsimile: 617/351.9895

I declare under penalty of perjury that the forgoing is true and correct.

Executed on October 26, 2004

Robert W. Hagopian, Esquire
P.O. Box 282
Belmont, Massachusetts 02478
(781) 275-4892
Counsel of Record